TELEPHONE USERS ASSOCIATION, INC.,

and

Arthur S. Curtis, a telephone user, for himself, and others similarly situated, Petitioners,

v.

PUBLIC SERVICE COMMISSION OF the DISTRICT OF COLUMBIA

and

James A. Washington, Jr., Edgar M. Bernstein and Charles M. Duke, As Commissioners of the Public Service Commission of the District of Columbia, Respondents,

The Chesapeake and Potomac Telephone Company, Intervenor.

Civ. A. Nos. 909–65, 2916–65.

United States District Court
District of Columbia,
Civil Division.

June 5, 1967.

Arthur S. Curtis, Washington, D. C., for petitioners.

George Donella, Office of Corporation Counsel, Public Service Commission, Washington, D. C., for respondents.

John P. Barnes and Paul F. McArdle, Covington & Burling, Washington, D. C., for intervenor.

## MEMORANDUM

JOHN LEWIS SMITH, Jr., District Judge.

This is a consolidation of two appeals by petitioners Arthur S. Curtis and the Telephone Users Association, Inc., intervenors[1] in the hearings of the Public Service Commission of the District of Columbia (hereinafter "the Commission"), from three orders of the Commission authorizing intrastate[2] telephone rate increases for the Chesapeake and Potomac Telephone Company (hereinafter "the Company"). This court's jurisdiction has been invoked under D.C. Code § 43–705 (1961) which limits its consideration solely to the record before the Commission. D.C.Code § 43–706 (1961) further restricts the court's review to questions of law and requires

---

1. The corporate petitioner is a non-profit association organized to advance and protect the interests of telephone users of the District of Columbia. The individual petitioner appears for himself as a telephone user and for others similarly situated. Other intervenors in the Commission's hearings included the General Services Administration on behalf of the Executive agencies of the Federal Government, The Federation of Citizens Associations, and Walter H. Mayo, Esquire, and Gordon M. Shaw, Esquire, who appeared *pro se* as telephone users.

2. The Company provides both intrastate and interstate telephone service in the District of Columbia. The rates and charges for interstate service are governed by the Federal Communications Commission, 47 U.S.C. § 201 et seq. (1964). The rates and charges for intrastate service which includes exchange service and other non-interstate communications services, are subject to the jurisdiction of the Public Service Commission of the District of Columbia, D.C. Code § 43–301 et seq. (1961).

that the Commission's findings of fact shall be conclusive unless found to be unreasonable, arbitrary, or capricious. Petitioners had appealed separately from each of two phases in the Commission's hearing in Formal Case No. 494 entitled, "In the Matter of the Application of the Chesapeake and Potomac Telephone Company for Authority to Increase its Schedules of Tariffs and Rates." The Company has been granted leave to intervene in this proceeding.

The Company filed a formal application to increase its intrastate telephone rates on September 27, 1963, stating that its rate of return had declined steadily since 1960 due to wage and operating cost increases and the cost of obtaining capital financing. The application sought Commission approval of rate changes estimated to produce over $10,-500,000 in additional revenues which would yield a projected 8% on intrastate investment. The Commission held extensive hearings from December, 1963 to August, 1965 in compliance with statutory requirements. The first phase established the amount of revenue necessary for the Company to earn a fair return on that part of its investment used to provide intrastate telephone services to the District of Columbia. The second phase resulted in approval of specific telephone rate increases necessary to accomplish that end.

On December 22, 1964, the Commission issued Order No. 4887 establishing the Company's test year intrastate revenues, expenses, and rate base. Both the $2,196,000 increase in annual revenues and the return on intrastate investment of 6.25% authorized fell considerably short of the amount sought by the Company. Following petitioners' motion for reconsideration of that order,[3] the Commission issued Order No. 4899 which in substance denied petitioners' motion while authorizing an increase in additional revenues of $150,000. Petitioners then appealed those orders in Civil Action No. 909–65.

On August 2, 1965, the Commission issued Order No. 4976 fixing telephone rates pursuant to its previous orders. On November 22, 1965, petitioners appealed this order in Civil Action No. 2916–65 after the Commission denied its petition for reconsideration by failing to act on said petition within thirty days of its filing.[4] Both actions were consolidated for trial pursuant to Fed. R.Civ.P. 42(a).

Petitioners' allegations of error in the Commission's proceedings address five major areas: 1) the rate base and operating expenses established by the Commission for the Company, 2) the choice of the year 1964 as the test period for ascertaining the rate base and expenses, 3) the Company's rate of return, 4) retention by the Company of past earnings in excess of 6.25%, and 5) procedural errors in the conduct of the hearings. Petitioners have argued their case at great length and memoranda have been filed by both parties. A careful reading of the extensive record compiled before the Commission reveals the attention given to each of these areas. On the basis of that reading and the arguments of counsel, the Court finds that the Commission did not err as a matter of law in any of the areas alleged and that its findings are not unreasonable, arbitrary, or capricious.

Accordingly, Orders Nos. 4887, 4899, and 4976 of the Public Service Commission of the District of Columbia are affirmed and the complaint is dismissed.

### ORDER

This cause having come on to be heard January 30, and 31, 1967, and February 1 and 2, 1967, on petitioners' appeal from Orders Nos. 4887, 4899 and 4976 issued in Formal Case No. 494 by the Public Service Commission of the District of Columbia, and upon consideration of the oral argument in open court by counsel for petitioners, for the Commission, and for the respondent-intervenor The Chesapeake and Potomac Telephone Company, together with the pleadings and papers

---

3. D.C.Code § 43–704 (1961).

4. Id.

filed herein by all the parties, and after a review of the entire record certified to this Court,

The Court finds and concludes, all as is more fully set forth in the Statement of Reasons accompanying this order as required by 43 D.C.Code § 705, that the findings of fact of the Public Service Commission in the orders presently at issue were not unreasonable, arbitrary or capricious, and that petitioners were not prejudiced by any errors of law contained therein. Wherefore, for the reasons stated, it is this 5th day of June, 1967,

Adjudged and ordered:

1. That the petitions of appeal in Civil Action Nos. 909–65 and 2916–65 be, and the same are, hereby dismissed; and

2. That Orders Nos. 4887, 4899 and 4976 issued in Formal Case No. 494 before the Public Service Commission of the District of Columbia be, and same are, hereby affirmed.